

**FILED**

JAN - 7 2015

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2  District of Nevada
   ROGER YANG
3  Assistant United States Attorney
   333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
4  702-388-6336

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) 2:13-cr-0426 APG VCF |
| vs. | ) **PLEA AGREEMENT UNDER** |
| | ) **FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |
| SHAWN CHRISTOPHER BURTON, | ) |
| Defendant. | ) |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Roger Yang, Assistant United States Attorney, the defendant SHAWN CHRISTOPHER BURTON, and the defendant's attorney, DAMIAN R. SHEETS, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

**I.   SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and SHAWN CHRISTOPHER BURTON (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.   <u>Guilty Plea</u>.  The defendant knowingly and voluntarily agrees to plead guilty to the following charges in an Information:

<u>Count 1</u>: Coercion and Enticement in violation of 18 U.S.C. § 2422(a).

The defendant also agrees to the forfeiture of the property set forth in the Forfeiture Allegations of the Information.

B.   <u>Waiver of Trial Rights</u>.  The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.   The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.   The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.   The right to testify in his own defense at such a trial if he so chooses;

5.   The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6.   The right to have the assistance of an attorney at all stages of such

proceedings.

C.  **Withdrawal of Guilty Plea.**  The defendant will not seek to withdraw his guilty pleas after he has entered them in court.

D.  **Additional Charges.**  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States.

The United States will move to dismiss any additional charges pending against the defendant in this case at the time of sentencing.

### III. ELEMENTS OF THE OFFENSES

Count 1: The elements of Coercion and Enticement under 18 U.S.C. § 2422(a) are:

1.  The defendant, knowingly persuaded, induced, enticed, or coerced, or attempted to knowingly persuade induce, entice, or coerce;

2.  An individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States;

3.  To engage in any sexual activity for which any person can be charged with a criminal offense.

### IV. FACTS SUPPORTING GUILTY PLEA

A.  The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B.  The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to forfeit the specified property. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

Defendant was living with the mother of S.H., a 13 year old, for about a year and a half. Defendant occasionally messaged S.H. through Facebook with messages such as what she wanted from McDonald's.

On October 8, 2013, the defendant began messaging S.H. over Facebook, starting by thanking her for a hug. The next day, he asked S.H. about a rumor she had kissed a 20-year old in the park. On October 14, 2013, the defendant began asking S.H. about her being naughty, and whether S.H. and the defendant's 16 year old daughter M.B., had done anything naughty together. The defendant then discusses sex and S.H.'s sexuality, even asking S.H. if it bothers her for him to ask these questions. The defendant discussed his own sexuality, his sexual exploits, and begins asking her about whether she uses toys and masturbates. The defendant also mentioned "his videos" (apparently pornographic) that he had left out and got S.H. to admit she watched some of the videos with her friends. The defendant also asked her about sharing dirty pictures of herself and pictures of boys' penises. S.H. tells the defendant that he's too old to be asking her these questions and "too old for me answering these questions." The defendant also says "to be honest I've thought about you doing that [masturbating] quit [sic] a bit S___." The defendant also claimed to have seen S.H. with her hand down her panties. The defendant asked S.H. to delete the chats.

S.H. thought this chat was inappropriate and reported the chats to K.H., her mother. On October 18, 2013, K.H. reported the inappropriate chats to law enforcement.

4

Law enforcement set up an account take-over with K.H. and S.H.'s consent. In addition, the detectives created an undercover e-mail account to chat with the defendant. On or about October 28, 2013, the defendant re-initiated Facebook chats with S.H. by asking about a wedding she attended.

The next day, the detective responded to the defendant's Facebook chat using S.H.'s account. The defendant then claimed that when he was "your age," his aunt and uncle made him "play with them cause they caught me doing some things I shouldn't have been doing." The defendant engaged S.H. in sexually charged discussion. The defendant also talked about having an erection from seeing S.H. in a bikini and in her swimwear. Eventually, the defendant worries about getting caught and asks for S.H.'s e-mail so she can share pics and chat without her parents finding out. The defendant asks S.H. if she's touched a boy's penis, and tells her that he would like her to touch his. The defendant also discusses wanting to see her naked and touch her, and tells her again to delete the chats. That evening, the defendant e-mailed S.H., saying "Hey you, you've got me super excited tonight..." The defendant continued the sexual chats over the next few days, including claiming to be masturbating to the chat because S.H. turned him on, discussions of trying to get a pair of S.H.'s underwear, and whether S.H. had seen her mother naked.

The defendant wrote: "nice...would you ever touch and play with your mom or dad in a sexual way? I'm extremely horny today...too bad you and a friend cant (sic) come over and play... if you could bring a friend over to play would it be a girl or boy and who?" The detective replied, "I might be able to come over this weekend. Could you pick me up? I dont know anyone who would be into that. I dont think i would ever do anything with my parents." An hour later, the defendant responded, "Where would you want me to pick you up at...I'll be busy all day Saturday volunteering for a Childrens Food Allergy walk. What are you thinking

you want to do this weekend?" The detective did not commit to doing anything, and asked the defendant what he wanted to do, and the defendant responded, "well you need to be paying attention in class…let me know when you're out of school… I'd be pretty nervous about doing anything but willing to give it a shot… I'd like to see your lil body naked and maybe feel your boobs. Would you like to touch my cock?" After more discussion, the defendant wrote, "I don't want to have sex with you tomorrow… just looking, touching, and maybe some licking and kissing… what is it that you really want to do?"

On November 3, 2013, the defendant e-mailed S.H. and they made plans for S.H. to sneak out and "go to a friends house." The defendant drove to the Subway and was arrested there. During a post-Miranda interview, the defendant admitted to knowing S.H., knowing that she was 13 years old, and that he was the one chatting with her, and driving to Subway to pick her up after she snuck out of her house, but claimed to have changed his mind about engaging in sexual touching halfway to Subway. The defendant admitted to masturbating during his chats with S.H. because her discussion of wanting to touch and lick a penis got him excited. The defendant also admitted requesting pictures of S.H. in her bra and panties. In addition, the defendant appears to admit to meeting for the purpose of performing oral sex on S.H. and having S.H. touch his penis and possibly put her finger in his anus.

During a search of the defendant's apartment, a pair of S.H.'s panties was found in the defendant's drawers, and some of her stuffed animals. K.H. was contacted, and confirmed that she had thrown away that pair of panties and the stuffed animals, and therefore the defendant must have gone into the trash to retrieve those items.

The defendant admits that at trial, the government could prove that he traveled in interstate or foreign commerce.

The defendant admits that the following property either (a) constitutes or is derived from proceeds he obtained directly or indirectly from his criminal violations, or (b) was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, his criminal violations: a) A Samsung Galaxy phone, model number SPH-L710, phone number (719) 647-2627; b) A Samsung laptop, SN Z02Y93DZB04956E w/ power cord; c) A Sony VAIO PC, SN 3006043; d) A Gateway Silver and Black PC, SN 0029770479; e) Miscellaneous DVDs and CDs; and f) 10 1.44MB floppy disks ("property").

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. <u>Offense Level Calculations</u>. The parties stipulate to the application of the following calculation of the defendant's offense level under the Sentencing Guidelines,

acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

    1.    Count One: Coercion and Enticement, 18 U.S.C. § 2422(b)
        Base Offense Level USSG § 2G1.3(a)(3):    28
        Enhancements:
            Use of a computer USSG § 2G1.3(b)(3)(A):    +2
        Reductions:
            Acceptance of Responsibility (if applicable):    -3

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

    C.    <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

1 These Sentencing Guidelines provisions, if applied, will result in a total offense level of either 28 (if two-level adjustment applies) or 27 (if two-level adjustment and additional one-level adjustment both apply).

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

**VII. APPLICATION OF SENTENCING STATUTES**

A. <u>Maximum Penalty</u>. The maximum penalty for Coercion and Enticement under 18 U.S.C. § 2422(a) is a 20-year prison sentence, a fine of $250,000, or both. 18 U.S.C.

§2422(a).

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. <u>Additional Mandatory Sentencing Provisions</u>.

Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment, or both.

D. <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

E. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed life. 18 U.S.C. § 3582(j). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised

release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of life.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in Nevada, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

F.  <u>Special Assessment</u>.  The defendant will pay a $100.00 special assessment per count at the time of sentencing.

## VIII.  POSITIONS REGARDING SENTENCE

The United States and the defendant will jointly recommend that the Court use a variance to apply the guideline calculations for a violation of Title 18, United States Code, Section 2422(b), and that the Court sentence the defendant to the high end of the guideline range, unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a 87 month

sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant will not request a sentence below 87 months, and will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose.

## IX. RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## X. FORFEITURE

The defendant knowingly and voluntarily:

A. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the: a) A Samsung Galaxy phone, model number SPH-L710, phone number (719) 647-2627; b) A Samsung laptop, SN Z02Y93DZB04956E w/ power cord; c) A Sony VAIO PC, SN 3006043; d) A Gateway Silver and Black PC, SN 0029770479; e) Miscellaneous DVDs and CDs; and f) 10 1.44MB floppy disks ("property").

B. Abandons or forfeits the property to the United States;

C. Relinquishes all right, title, and interest in the property;

D. Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture

proceedings of the property ("proceedings");

E. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

F. Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

G. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

H. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any proceedings concerning the property;

I. Waives his right to a jury trial on the forfeiture of the property;

J. Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

K. Agrees to the entry of an Order of Forfeiture of the property to the United States;

L. Agrees that forfeiture is immediately due and payable and subject to immediate collection by the United States;

M. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture; and

N. The defendant acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than, the amount of restitution.

## XI. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to

trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. <u>Removal/Deportation Consequences</u>. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 1·5·14

Roger Yang
Assistant United States Attorney

DATE 12/12/14

Damian R. Sheets
Counsel for the Defendant

DATE 12 Dec 2014

Shawn Christopher Burton
Defendant

16